16-1466 Dale Doran v. J. P. Noonan Transp. Mr. Cohen. Thank you, Your Honor. May it please the Court, my name is David Cohen. I represent the appellant, Dale Doran, in this matter. Your Honors, there's two issues on this appeal. The first is whether this Court has jurisdiction over Mr. Doran's appeal, and the second is whether or not the District Court erred in granting summary judgment on all of Mr. Doran's claims except for breach of contract under the Federal Aviation Administration Adjustment Act, on the grounds that all of those claims were preempted. Turning to the first issue, it seems to me the issue before the Court on jurisdiction comes down to this. Whether when the District Court remanded the case after the trial of all of Mr. Doran's claims, as an exemplar class representative, whether at that time the case was a class action. Let me ask you a prior question. We have the transcript of that hearing. You're sitting there, the judge and opposing counsel, and the subject of remand comes up. You asked the judge to remand it, yourself. I did, Your Honor. Yes, I did. Were you anticipating also filing an appeal at that time? At that time, Your Honor, I wasn't sure if I was going to file an appeal. But the issue before the Court on that day, Your Honor, was class certification. Do you agree, staying with this point, I find nothing, did you say anything at all in any other, is there any other transcript, any other place where you put the judge and opposing counsel on notice that you were going to appeal? Well, Your Honor, as I stated in our opening brief, the Court said you have a right to appeal. Sure, let's say the Court says you have a right to appeal, but the question is were you proposing to exercise that right? Did you let anyone know? I let the Court and the party, the Court and the defendants know when I filed my notice of appeal within the statutory period. That's a very poor answer, counsel. I think the question is pretty straightforward to you because your notice of appeal was filed some, what, 22 or 29 days later. The question was at the time that the Court was talking about remanding, did you tell the Court or the other parties that you intended to appeal? And I can't find that answer anywhere. No, you have the transcript of the proceeding. I have the transcript and I looked at, quote, the language of you have the right to appeal. But that appears that the District Court was talking about an entirely different matter than the remand to the District Court. Isn't that correct? Yes, it is, Your Honor. All right. And I'm not trying to off state the record at all. What was, it was transcribed and I stand by what was stated at that hearing. What was your thinking on the notice of appeal you pointed to? What was your thinking in having a notice of appeal that says we hereby appeal from the order of remand? Well, Your Honor, the reason that the notice of appeal was taken from the order of remand was because the order of remand constituted a final judgment under Why do you think so? Because all of Mr. Durand's claims were adjudicated by the District Court and the remand disassociated the District Court from his claims. That was, I believe, decided by the U.S. Supreme Court. But weren't there other parties in this case? Those parties, yes, Your Honor. And they still had live claims, didn't they? Yes, Your Honor. So normally that's not a final judgment. If you have three plaintiffs and they each have two claims and you've resolved both claims for one of them and just one for the other two, you don't have a final judgment, do you? Well, what happened here, Your Honor, was after the class allegations were withdrawn in open court and the court granted leave for that, then the court declined to exercise its supplemental jurisdiction over the claims of the other two plaintiffs. Well, that's not even the way the transcript reads. The transcript reads the court is debating whether it has supplemental jurisdiction as it previously thought or doesn't, but it never reaches a definitive decision because both counsels say, go ahead and send it back. Or at least you say that and the other counsel doesn't really object to it. Well, I guess he did at first. Well, at first he does, but then at the end he says, well, since they dropped me in the class, I'm not sure what to do. But, Your Honor, whether counsel can't create jurisdiction or take jurisdiction away, what happened here was that... Oh, yes, actually. counsel can, by failing to give proper notice of an intention to appeal and getting an order that counsel has asked for, counsel may waive any right to appeal. Yes, Your Honor. There's a new case that actually repeated that doctrine that came out last week from this court. But the doctrine is a rather old one. So go back to, we were discussing, you were explaining to me why this was a final judgment, even if two of the claims in the case were still alive. Well, yes, Your Honor, because the... Are you saying that any time there's a remand it's a final judgment? No, Your Honor. Okay, so what was it about this remand in a case that still has two live claims that would turn the remand into a final judgment? Well, the remand here was after all of Mr. Duran's claims were adjudicated by district court. The other two claims and then the class claim was withdrawn. Sure, but you still get two live claims? There's two live claims. The district court declined to exercise its supplemental jurisdiction over those two live claims, and under the Supreme Court's ruling in Quackenbush... I'm far from clear the district court had supplemental jurisdiction. You seem to assume that and then you want to apply Quackenbush. But this case starts in state court. It gets removed only because of CAFA, because it's a class action. And then you, for reasons which aren't clear to me, and you can tell me why, after you lose the exemplar case, you then say to the court, oh, it's no longer a class action, so I want you to remand. So you seem to be saying there's no longer CAFA jurisdiction and I want you to remand. That is not the Quackenbush supplemental jurisdiction paradigm. Well, the court, the threshold question is, did the court have original jurisdiction when the case was remanded? And I submit that it did not. Why is that a threshold question? Let's assume the court actually did have original jurisdiction then. But later you withdraw all the class action allegations. And the district court remands without addressing what is actually a difficult legal question about whether the district court can remand at that point. But whether it can or it can't, you ask it to do so without reserving any right to appeal. Your Honor, as I said, the claim, Mr. Durand's claim was completely adjudicated. At that point, there were two other plaintiffs' claims that were not adjudicated. The district court did, if the court didn't want it to, it could have retained jurisdiction over those claims. So it wasn't, and even if both counsel agreed, the district court still could have retained jurisdiction over those claims under supplemental jurisdiction. And the district court decided not to. Not necessarily under supplemental jurisdiction. Let me just ask a practical matter. What you'd like to get out of this appeal is that you can go back, get the preemption ruling reversed, and then you can have a trial on maybe unjust enrichment, quantum merit, and the implied covenant of good faith and fair dealing. But a jury's already rejected your breach of contract claim. Why do you think, why are you going through all of this? Do you really think you have a probability of success on those common law claims? Well, Your Honor, there's one additional claim that was also preempted, and that was the meal break claim under the Massachusetts wage law. That was preempted. And I think there's a very good chance that that would succeed if it was ever brought before a court. Okay. For an individual client and what is no longer a class action? Yes, Your Honor. Yes. You've got a fee-shifting statute, I assume. I'm sorry? You have a fee-shifting statute, I assume, that would provide the means. Yes, that's correct. On the remand, is what you're saying is we should rely on Quackenbush to assume that you could have appealed the remand had you opposed it? Well, Quackenbush doesn't speak in terms of whether the party appealing asked for the remand or not. But clearly if you ask for it, it's kind of hard to complain about the remand itself. Yes, that is correct. So I'm not really trying to get you to focus in my earlier questions on whether you could appeal had you not asked for the remand. I'm questioning your assumption that the remand order itself was a final judgment and asking how you get to that conclusion, what case would allow us to draw an equation between the entry of the order of remand and the issuance of a final judgment so that we could say that your notice of appeal, which was only from the order of remand, subsumed within it all predicate rulings, which is a necessary step in your analysis. If we wanted to rule that way, what case would we rely on? Well, I do believe that Quackenbush is on point because in that case, the issue was whether or not the court did say that a remand order is final because when the district court remands a case to the state court, the district court disassociates itself from the case. And that's exactly what happened here. All of Mr. Duran's claims were adjudicated before the district court. And as a result, the remand order constituted a final judgment under Section 1291 and the notice of appeal listing that as the remand order, as the order appealed from, was in fact correct under Rule 4 as a appeal as of right. If I could reserve the last minute. Yes, you may. Thank you. Good morning, Your Honor. It's Jeffrey Wormuth for the defendants. May it please the court. I just want to quickly mention to the court my brother just mentioned this break statute and a fee-shifting statute that applies to that. The break statute is Massachusetts Federalist Chapter 148, Section 100. That is not one of the statutes listed in the Massachusetts Wage Act that gets you trouble, damages, and attorney's fees. So I don't think there's any kind of multipliers or attorney's fees or fee-shifting as far as that goes. And as far as the break statute goes as well, it's a half an hour after five hours. Massachusetts is a half an hour after six hours. Under the federal DOT driver regulations for interstate truck drivers, it's a half an hour after eight hours. So that's frankly our view. It doesn't have any legs anyway and should be preempted simply on that basis. Judge, are there any questions? You're more interested in the jurisdictional issue than the preemption issue. I would not make any assumptions that we think Judge Young is right on his preemption ruling. Just on the jurisdictional issue, some of this comes down to what was said at the conference, I suppose, which was originally supposed to be a conference to determine whether the judge should certify a class or not. Plaintiffs suggest that the class claim was withdrawn. All plaintiffs actually said was, I'm not asking you to certify a class. I'm asking you to remand it. That's what happened. You've already noted the general principle that a party can't generally appeal from a judgment that he's consented to. Plaintiffs could have done other things. I'm sorry. Did that statement mean he felt he was free to re-raise the class issue if it got remanded? Yes, absolutely. That was our fear. Okay. But plaintiffs could have done other things to protect themselves. Plaintiffs could have simply asked the court for entry of separate or final judgment as to Durand and then remand the other two fellows. Well, what did you think when you walked out of the conference? What did you think was going to happen next? I thought that the other two fellows were going to go to state court, that we were going to be revisiting the class certification issue, and that we were going to be revisiting the preemption issue, too. Because at trial, Durand was the only person who was affected by the preemption ruling. And the law of the case theories, if it goes back to state court in a business litigation session, that judge could relook at it and could conceivably come to a different perspective. That's why we're concerned with where the appeals court appeared, where the district court, and there were no superior court. You know, I mean, pick a court. Did you think there was going to be an appeal by Durand? I anticipated that at some point there probably would be on the preemption issue. I wasn't 100% sure because the one thing that would militate against that is there's no written decision here. It's just a note, and there's no particular precedential value. Nobody can really cite to a decision that Judge Young wrote. So I had high hopes. Let's put it that way. I had high hopes that that was simply going to go by the boards, and we wouldn't even have to be here. That was a long answer that I'm not sure I followed. I think the question was, when did you believe that there was going to be an appeal from the district court's remand to the state court? Did you know that when their opposing counsel was egging them on or was there really a cheerleader about remanding? Did you think there was going to be an appeal at that time? No, I didn't. I was surprised to get the appeal. And when did you, I think the question is, when did you think there was going to be an appeal? When I got the notice of appeal. All right. Specifically because I was aware of the cap of 10 days. The 10 days went by, and I thought we were home free. So before those 10 days, you were anticipating there was a possibility of an appeal, and you were counting the 10 days. And when you got to day 11, you thought you were free. Right. Because there's always a chance that somebody's going to file an appeal. While realistic, it is another question. That's a judgment call. I mean, from my perspective, an appeal didn't seem likely just practically and legally. I thought Judge Young was right, of course. But it's a practical matter, as you indicated before. What are you going to get out of an appeal? Really not much of anything. And it's not like precedent-wise, there's no written decision that is going to harm you in the future. So passing in the brief, it was just a passing statement about waiving if you don't specifically identify the fact that you're going to appeal. So are you telling us that within the 10 days of that court, you were anticipating that he was going to appeal? I was not anticipating an appeal. Well, I'm sure misunderstanding what you're telling the court. So I want to be sure that on the basis of when the court agreed to remand at that time, there was no indication from opposing counsel that he intended to appeal that order under any circumstances. Were you of the opinion at that time that he could appeal that order? I would have to say, yes, he could appeal it. How strong that appeal would have been. Anybody can appeal the case. Did you anticipate him appealing? I'm not asking about how he could have. What were you thinking? Ultimately, I did not anticipate an appeal because I did not think in the big picture an appeal was going to be worth it in this case, for the very reasons that you mentioned earlier. Why were you counting the 10 days? Well, I wasn't sitting around waiting for 10 days to go by. I was aware of a cap appeal period. And look, I mean, whenever you win a case, there's always the chance of an appeal. You always track that, whether you're anticipating it or not. Let me cut to the chase. When you walked out of the conference with Judge Young, in light of everything they'd run over, did you walk out thinking they haven't preserved their right to appeal? They've waived it. What did you think? You did face some chance of appeal, but you thought you'd easily win it. Yes. Which? The latter? There was some chance of an appeal, but I thought we'd win it, so I didn't think it was very likely that they would because, frankly, it's a plaintiff's wage case. In the back of my mind, I'm thinking, well, this is probably contingency on how much time and money they're going to put into the case. And there's still two other cases out there. Did you know the law of the First Circuit at that time that talked about waiver if there's not a specific reservation of the right to appeal in that matter? No. You weren't aware of that law? No. Okay. I relied simply on the statutes and the rules that say you have X amount of time to file an appeal. And it was an appeal of an order of remand, so why would I think that somebody realistically is going to appeal? Well, there's a maze of jurisdictional issues in this case, one starting with the waiver, the other with the 10-day rule. I mean, it's mind-boggling almost on the jurisdictional question. All right. I've said my piece. We've read the brief. You don't need to repeat what's in your brief. All right. Just a couple of quick notes. I'd like to get to the preemption business now, just briefly. And I wanted to point out that this case seems to me to be very much like the DeFiori case, just like this case. This case was a surcharge instead of a service charge. In each case, employees claim to be entitled to a piece of it, which affects both prices and services. In terms of prices and services, my brother made the point in one of the cases in his brief that $185,000 at stake with no frame of reference might not be enough to affect prices or not. I would point out to you that. I'm sorry. Where does the $185,000, is that a class-based figure or based only on Mr. Duran? Well, this is a case that was cited by my brother in his brief. And some other circuit apparently held that if it's $185,000 at stake, well, that's not enough to realistically affect prices substantially. But my point is that in the pretrial memo, Mr. Duran claimed $30,000 worth of damages. There are, in Mr. Peterson's deposition, he said there are roughly 40 employee drivers that comes out to $1.2 million in trouble. I'm having a tough time tracking the dollar figure against the claims made. Is this only the meals break claim or is this the whole panoply of unjust enrichment implied covenant? It's the wage claim based on the pretrial memo. But that's gone. I'm sorry? That's gone. He's lost his breach of contract claim. That was a predicate to the wage claim for showing that there was an agreement to pay and they didn't break it. Well, he wasn't even able to show there was an agreement to pay. Right. So you're left with the meals break issue, which 12 minutes ago you told us was essentially a trivial issue not worth appealing over. And now you're saying that it's a big deal. I'm not talking about the appeal. I'm talking about from a pure preemption analysis that one of the things that, at least I think it was the Brexit court that was cited by my brother where the court basically said. But forget about what he alleged. As a practical matter, aren't we talking about the difference between having to give a meal break every six hours and having to give one every eight hours? Isn't that what this is about now? Well, if you rule against me on the preemption analysis, then it's all fair game. No. He wants every six hours. You say that's preempted. He only gets once every eight hours under the federal rights. Right.  So that's what's at issue here.  So how does that affect prices, services? That small amount of money. Well, that's not a money analysis, Your Honor. It's a routes and services analysis. You know, you structure your routes to encompass breaks here or breaks there or breaks there. Do you have to elongate routes or you make them shorter? Depending on which state you're in. I mean, the whole point here of the preemption is uniform laws that are not contingent on the idiosyncratic laws of one state versus one state versus one state. Suppose Massachusetts lowered its speed limit to 45 miles an hour on the main roads. That would certainly affect how much time you'd have to plan your schedules differently. And suppose they tripled the ticket prices for speeding. Would that be preempted? No, it wouldn't. That would have more of those effects than this meeting. But I would suggest to you that that comes under the state's ordinary police power to regulate safety on the highways. Well, what about its ordinary power to the state? The Supreme Court has recognized the ordinary power to regulate employer-employee relationships. Well, this court has rejected that so-called DILT analysis, the DILT versus Penske case, that basically says that any background labor law... No, we've rejected that argument. But that is not the DILT's case. And I'm having a little trouble seeing how the logic of a wage claim that has to do with meal breaks, whether they're every six hours or eight hours, actually rises to the level of concern that Congress expressed in enacting the F4A Act. If it's going to... The basic teaching from the preemption cases, if I can say it in a sentence, is that... Well, you've got the authors of most of our... That's right. That's right. But the basic teaching is if the state law would impact employer decision-making, would impact prices enough or services enough or routes enough to impact employer decision-making, as to all of those, I think that's a fair... I think that's a little broad decision. But no, it makes a big difference. The minimum wage law, for example, I don't think you're suggesting... That's preempted, is it? No, I'm suggesting that I think it comes... And that could affect decision-making of an employer. Well, yes, and I'm coming from the Ginsburg case, mostly, that the Ginsburg Supreme Court basically said that if what you're trying to enforce here goes above and beyond the contractual obligation between the employer and the employee, that it's preempted as far as the employer relationship goes. So if you had a wage agreement to pay $1 an hour, the state minimum wage of $7.85 would go above and beyond the contractual agreement. You would say that's preempted? Well, I mean, every state, as far as I know, has a law that says you can't contract out on minimum wage or overtime. All right. You actually didn't make this argument about the Ginsburg case, but I would have thought that you'd start with what is it you can contract out of and what you can't contract out of. What is the law in Massachusetts? I've understood the implied covenant you cannot contract out of. What about unjust enrichment and quantum merit? Is there any state law on whether you can contract out of that? The State Payment of Wages Statute itself, Chapter 148, Section 1. No, no, you're not answering my question. I think it says specifically that you can't contract out of the Wage Act. Yes, you're not answering my question. My question isn't the Wage Act. It is the common law claims that are frequently associated with the employment relationship. Do you know the answer? You may not. That's fair enough. I'm forgetting the first part of your question, Your Honor. I'm very sorry. All right. We have an unjust enrichment, a quantum merit claim, and we have an implied covenant claim, all common law claims, not statutory. We have a statutory Wage Act claim that says you cannot contract around it. What is the law of Massachusetts on the common law claims, whether you can contract around them? I have always understood the implied covenant you cannot contract around. What about the other two, or is there an answer? Well, I think there is an answer, Your Honor. I think whatever agreement there was that was contrary to those would be voided as public policy. I have a case that I can cite to you on. I think it's more complicated than that. Maybe very well. Thank you for your time. Thank you. Just very quickly. You have a minute and 36 seconds. That's what you reserved. Yes, Your Honor. In terms of the ability to refile Mr. Duran's claim as a class action, if you look at the other two plaintiffs, those plaintiffs did not reallege their class claims in state court, and I would say that based on the waiver of that claim before the district court, that Mr. Duran would not be able to refile his claim as a class claim. I'm sorry. I didn't see any discussion other than it's no longer a class, therefore send it to state court. I saw no discussion whatsoever about whether the other two plaintiffs could then assert class claims in state court or, for that matter, revisit the preemption claim, which was not subject to a final judgment at that point. So there would have been no collateral estoppel effect. Yes, Your Honor. Well, there could have been a judicial estoppel. In other words, you procured a remand by telling the court you weren't going to refile that. Except you didn't tell the court that. Well, I told the court that the class claim was being withdrawn. If I could just quickly address two other points. The second is that only Mr. Duran was affected by the preemption ruling. I disagree with that. First of all, the other two plaintiffs were part of the same case. The preemption ruling, I believe, followed them back to state court. And third, as a practical matter, even though the district court did not write a decision on this, it's still in the docket, it's publicly available, that the district court held that all of these claims were preempted under federal law. Thank you. Thank you. I think Harlan Wexler would have enjoyed this case.